GABRIEL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 2, 1895.)

CUSTOMS DUTIES—LITHOPHONE—CLASSIFICATION.

Certain so-called "lithophone," a dry, white material, *held* to be dutiable at 1¼ cents per pound, as "white paint containing zinc, but not containing lead," under paragraph 60, and not at 25 per cent. ad valorem, as "all other paints and colors, whether dry or mixed," under paragraph 61, of the tariff act of 1890.

At Law. Appeal by importers from a decision of the board of United States general appraisers. Affirmed.

The importers contended that there was no such thing known in trade as a "dry paint," and that the article in suit was a color, and not a paint.

The assistant United States attorney quoted the term "paints, dry," from prior tariff acts, and contended that congress had used the words in legislation for 40 years, and, whether technically correct or not, traders knew what it meant in the market. Twine Co. v. Worthington, 141 U. S. 468, 471, 12 Sup. Ct. 55.

Stephen G. Clarke, for importers.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge. This article is a white, dry material, for use in painting, containing zinc, but not containing lead. Paragraph 60 of the tariff act of 1890 provides for a duty on "white paint containing zinc, but not containing lead; dry," and "ground in oil." This seems to be the article of that paragraph, dry, which in common speech is called "paint," although not usable as such until it is mixed with oil. Decision affirmed.